COOLEY LLP
RYAN E. BLAIR (246724) (rblair@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

BRETT DE JARNETTE (292919) (bdejarnette@cooley.com)
TIJANA BRIEN (286590) (tbrien@cooley.com)
PRIYA GAMBHIR (353954) (pgambhir@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Counsel for Defendants Shalabh Gupta, Sandeep Laumas, Gaurav Aggarwal, Sara Kenkare-Mitra, John Townsend, and Nominal Defendant Unicycive Therapeutics, Inc.*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACARRA JACKSON, et al., *Derivatively on Behalf of Nominal Defendant* UNICYCIVE THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHALABH GUPTA, SANDEEP LAUMAS, GAURAV AGGARWAL, SARA KENKARE-MITRA, *and* JOHN TOWNSEND,<br><br>Defendants,<br><br>*and*<br><br>UNICYCIVE THERAPEUTICS, INC.,<br><br>Nominal Defendant. | Case No. 3:25-cv-09338-JD<br><br>(Consolidated)<br><br>Date Filed: October 30, 2025<br><br>**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER TO STAY CONSOLIDATED DERIVATIVE ACTION** |

**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER TO STAY ACTION**

Plaintiffs Tacarra Jackson and Gina Henry ("Plaintiffs"), and Defendants Unicycive Therapeutics, Inc. ("Unicycive"), Shalabh Gupta, Sandeep Laumas, Gaurav Aggarwal, Sara Kenkare-Mitra, and John Townsend (the "Individual Defendants," together with Unicycive, the "Defendants," and collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, jointly submit this stipulation to stay the above-styled shareholder derivative litigation ("Stipulation") and in support thereof state as follows:

**WHEREAS**, on August 15, 2025, *Elkhodari v. Unicycive Therapeutics, Inc., et al.*, Case No. 3:25-cv-06923-JD, a securities class action, was filed in the U.S. District Court for the Northern District of California ("Securities Class Action");

**WHEREAS**, on October 30, 2025, Tacarra Jackson filed the above-captioned stockholder action derivatively on behalf of Unicycive ("*Jackson* Action");

**WHEREAS**, on November 7, 2025, Gina Henry filed a second stockholder derivative action captioned *Henry v. Gupta, et al.*, Case No. 3:25-cv-09625-JD, also in the U.S. District Court for the Northern District of California ("*Henry* Action");

**WHEREAS**, Unicycive, Shalabh Gupta, and John Townsend, named defendants in the *Jackson* and *Henry* Actions, are also named as defendants in the Securities Class Action ("Securities Class Action Defendants");

**WHEREAS**, on January 27, 2026, the plaintiff in the Securities Class Action filed an amended complaint for violations of the federal securities laws, Securities Class Action, ECF No. 39;

**WHEREAS**, on March 13, 2026, the Securities Class Action Defendants filed a motion to dismiss the Securities Class Action for failure to state a claim, *id.* at ECF No. 43 ("Motion to Dismiss");

**WHEREAS**, on April 30, 2026, the Court issued an order consolidating the *Jackson* Action and the *Henry* Action, ECF No. 26 (as consolidated, the "Derivative Action");

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Derivative Action and the Securities Class Action, including parties and underlying allegations;

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for the Parties, Plaintiffs and Defendants have agreed that, in light of the overlap between the Derivative Action and the Securities Class Action, the Derivative Action should be temporarily stayed on the terms set forth below unless and until either: (1) a motion to dismiss the Securities Class Action is granted, with prejudice, and all appeals related thereto have been exhausted; or (2) a motion to dismiss the Securities Class Action is denied, in whole or in part; or (3) either of the Parties to this Stipulation gives thirty (30) calendar days' notice that they no longer consent to the voluntary stay of the Derivative Action.

**NOW, THEREFORE**, the Parties hereby stipulate and agree, and respectfully request that the Court enter an Order, as follows:

1. The Derivative Action shall be stayed, and all related deadlines shall be vacated, upon the Court's so-ordering this Stipulation as an Order of the Court.

2. The Parties agree that if a plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiffs may lift the agreed stay upon thirty (30) calendar days' notice in writing to the undersigned counsel for Defendants via email.

3. Defendants shall promptly provide notice to Plaintiffs of the filing of any related derivative lawsuits as well as of any stockholder who has made a related litigation demand or related demand to inspect books and records pursuant to 8 Del. C. § 220.

4. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or formal settlement discussions with the plaintiff in the Securities Class Action and shall make a good faith effort to include Plaintiffs in any such mediation or formal settlement discussion with the plaintiff in the Securities Class Action. In the event Defendants' good faith efforts do not result in including Plaintiffs in the mediation with the plaintiff in the Securities Class Action, then Defendants shall mediate with Plaintiffs in the Derivative Action at or about the same time. Defendants shall timely notify and include Plaintiffs in the Derivative Action of any mediation or formal settlement discussions with any other plaintiffs in any related derivative action or any shareholders who make litigation demands or a demand to inspect books and records that assert substantially similar claims as those asserted by Plaintiffs in

the Derivative Action.

5. Notwithstanding the stay of this Derivative Action, Plaintiffs may file an amended complaint during the stay. Defendants need not answer, move, or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the Derivative Action during the stay. Defendants expressly do not waive any arguments they may have that any demands in any such amended complaint would not be futile.

6. In the event Unicycive produces documents or has produced documents to another stockholder pursuant to a demand to inspect books and records pursuant to 8 Del. C. § 220 or other demand pursuant to a similar books and records statute in another jurisdiction that includes substantially the same factual and legal allegations as those in the Derivative Action, copies of such documents shall promptly be provided to undersigned counsel for Plaintiffs; provided, however, that prior to the production of any such documents to Plaintiffs, the Parties shall enter into a confidentiality agreement governing the use of such documents.

7. The Parties shall meet and confer regarding consolidation of any stockholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this action and an application for consolidation of such a stockholder derivative action may be made by Plaintiffs, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for counsel may be made by Plaintiffs, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

8. Upon occurrence of any of: (1) the dismissal of the Securities Class Action, with prejudice, by the Court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Action, in whole or in part; or (3) either of the Parties to this Stipulation has given thirty (30) calendar days' notice that they no longer consent to the voluntary stay of the Derivative Action, then the Parties shall notify the Court within fifteen (15) calendar days after the occurrence of any of the events above and submit a proposed schedule for proceedings in the Derivative Action.

/ / /

/ / /

9. The Parties are not waiving any rights, claims, or defenses of any kind, and no part of this Stipulation shall be construed as a waiver of any rights, claims, or defenses. Defendants reserve all rights, including challenging the forum.

**IT IS SO STIPULATED.**

Dated: June 11, 2026

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Betsy Manifold*
Betsy C. Manifold (SBN 182450)
Rachele R. Byrd (SBN 190634)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
Email: manifold@whafh.com
Email: byrd@whafh.com

**GAINEY McKENNA & EGLESTON**

By: */s/ Gregory M. Egleston*
Gregory M. Egleston
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel.: (212) 983-1300
Fax: (212) 983-0383
Email: gegleston@gme-law.com

*Counsel for Plaintiff Tacarra Jackson*

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Gina Henry*

**COOLEY LLP**

By: */s/ Ryan Blair*
Ryan Blair (246724)
10265 Science Center Drive
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
Email: rblair@cooley.com

Brett De Jarnette (292919)
Tijana Brien (286590)
Priya Gambhir (353954)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: bdejarnette@cooley.com
Email: tbrien@cooley.com
Email: pgambhir@cooley.com

*Counsel for Defendants Shalabh Gupta, Sandeep Laumas, Gaurav Aggarwal, Sara Kenkare-Mitra, John Townsend, and Nominal Defendant Unicycive Therapeutics, Inc.*

**SIGNATURE ATTESTATION**

I, Ryan Blair, am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order to Stay Consolidated Derivative Action. Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained.

*/s/ Ryan Blair*
Ryan Blair

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 29, 2026

Hon. James Donato
United States District Judge